1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEITH M. CASSELLS,

11            Plaintiff,                    No. CIV S-11-1721 EFB P

12        vs.

13   M. TAYLOR, et al.,

14            Defendants.                   <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff commenced this action

17   on April 25, 2011, in the Solano County Superior Court.  On June 27, 2011, defendants

18   Hammond, Foster, Taylor and Foston removed this action to federal court and requested that the

19   court screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A and grant them thirty days from

20   the date of the court's screening order to file a response to the complaint.[1]

21        Federal courts must engage in a preliminary screening of cases in which prisoners seek

22   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

24   _____
25        [1] Plaintiff has objected to removal of this action from state court. Dckt. No. 5. Because
     the complaint alleges that plaintiff's federal constitutional and statutory rights were violated, this
     action was properly removed under 28 U.S.C. §§ 1331 and 1441. *See* Dckt. No. 1, Ex. A
26   ("Compl.").

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff alleges "[t]his cause of action, civil complaint and intentional tort arises and accrues from actions and inactions, in bad faith, deliberately indifferent, fraudulently, as well as negligently . . . towards plaintiff, violating state laws, provisions, codes, CDCR regulations,

////

////

////

2

1    [and] the American Disabilities Act of 1990 . . . ."  Compl. at 8.[2]  Plaintiff claims he needs to be

2    housed in "a single cell [with] space above his head due to damage to his neck and chronic pain

3    . . . ."  *Id.* at 9.  Plaintiff alleges each defendant denied his inmate appeals or accommodation

4    requests related to his medical needs.

5         The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

6    unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

7    court has determined that the complaint does not contain a short and plain statement as required

8    by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

9    complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones*

10   *v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

11   least some degree of particularity overt acts which defendants engaged in that support plaintiff's

12   claim.  *Id.*  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

13   8(a)(2), and fails to plausibly state a claim for relief, the complaint must be dismissed.  The court

14   will, however, grant leave to file an amended complaint.

15        In order to state a claim that a public program or service violated Title II of the ADA, a

16   plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either

17   excluded from participation in or denied the benefits of a public entity's services, programs, or

18   activities, or was otherwise discriminated against by the public entity; and (3) such exclusion,

19   denial of benefits, or discrimination was by reason of his disability.  *McGary v. City of Portland*,

20   386 F.3d 1259, 1265 (9th Cir. 2004).  An ADA plaintiff also "bears the burden of establishing

21   the elements of the prima facie case, including--if needed--the existence of a reasonable

22   accommodation that would enable him to participate in the program, service, or activity at

23   issue." *Pierce v. County of Orange*, 526 F.3d 1190, 1217 (9th Cir. 2008) (internal quotation

24   marks omitted).  Plaintiff has not sufficiently alleged that any defendant discriminated against

25

26        [2] For ease of reference, all references to page numbers in the complaint are to those
assigned via the court's electronic filing system.

1  him or denied him benefits because of his alleged disability.

2         To state a claim for violation of the Eighth Amendment based on inadequate medical

3  care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

4  indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To prevail,

5  plaintiff must show both that his medical needs were objectively serious, and that defendant

6  possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991);

7  *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that

8  significantly affects an individual's daily activities, an injury or condition a reasonable doctor or

9  patient would find worthy of comment or treatment, or the existence of chronic and substantial

10  pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other*

11  *grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).  Plaintiff has

12  not sufficiently alleged that any defendant acted with the requisite deliberate indifference for an

13  Eighth Amendment claim or that the acts or omissions of any defendant caused him any injury.

14         To the extent plaintiff intends to impose liability against any defendant based on his or

15  her handling of plaintiff's administrative appeals, plaintiff is hereby informed that there are no

16  constitutional requirements regarding how a grievance system is operated.  *See Ramirez v.*

17  *Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty

18  interest in the processing of his appeals does not violate due process because prisoners lack a

19  separate constitutional entitlement to a specific prison grievance system).  Thus, plaintiff may

20  not impose liability on a defendant simply he or she played a role in processing plaintiff's inmate

21  appeals.

22         Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a

23  cognizable legal theory against a proper defendant and sufficient facts in support of that

24  cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

25  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

26  their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

4

shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction.  Any amended complaint must cure the deficiencies identified above and adhere to the following requirements:

Any amended complaint shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each such defendant. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, any amended complaint must include "a short and plain statement of the claim" showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2).

Any amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743-44 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Plaintiff  may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, IT IS HEREBY ORDERED that the complaint is dismissed for failure to state a claim, with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with

////

////

////

5

1    this order will result in this action being dismissed for failure to state a claim. The Clerk of the

2    Court shall send plaintiff a form for filing a civil rights action under 42 U.S.C. § 1983.

3    Dated:  November 14, 2011.

4

5                                                 EDMUND F. BRENNAN
                                                  UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26