1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH M. CASSELLS,

        Plaintiff,                     No. CIV S-11-1721 EFB P

      vs.

M. TAYLOR, et al.,

        Defendants.              ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel. Plaintiff commenced this action on April 25, 2011, in the Solano County Superior Court. On June 27, 2011, defendants Hammond, Foster, Taylor and Foston removed this action to federal court and requested that the court screen plaintiff's complaint pursuant to 28 U.S.C. § 1915A and grant them thirty days from the date of the court's screening order to file a response to the complaint.[1]

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

---

[1] Plaintiff has objected to removal of this action from state court. Dckt. No. 5. Because the complaint alleges that plaintiff's federal constitutional and statutory rights were violated, this action was properly removed under 28 U.S.C. §§ 1331 and 1441. *See* Dckt. No. 1, Ex. A ("Compl.").

1

1  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
2  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
3  relief." *Id.* § 1915A(b).

4  In order to avoid dismissal for failure to state a claim a complaint must contain more than
5  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
6  of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words,
7  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
8  statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

9  Furthermore, a claim upon which the court can grant relief has facial plausibility.
10 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
11 content that allows the court to draw the reasonable inference that the defendant is liable for the
12 misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a
13 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
14 *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to
15 the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

16 A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal
17 Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain
18 statement of the claim showing that the pleader is entitled to relief, in order to give the defendant
19 fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,
20 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21 Plaintiff alleges "[t]his cause of action, civil complaint and intentional tort arises and
22 accrues from actions and inactions, in bad faith, deliberately indifferent, fraudulently, as well as
23 negligently . . . towards plaintiff, violating state laws, provisions, codes, CDCR regulations,
24 ////
25 ////
26 ////

1 [and] the American Disabilities Act of 1990 . . . ." Compl. at 8.[2]  Plaintiff claims he needs to be
2 housed in "a single cell [with] space above his head due to damage to his neck and chronic pain
3 . . . ." *Id.* at 9.  Plaintiff alleges each defendant denied his inmate appeals or accommodation
4 requests related to his medical needs.

5       The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
6 unable to determine whether the current action is frivolous or fails to state a claim for relief.  The
7 court has determined that the complaint does not contain a short and plain statement as required
8 by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a
9 complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones*
10 *v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at
11 least some degree of particularity overt acts which defendants engaged in that support plaintiff's
12 claim. *Id*.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
13 8(a)(2), and fails to plausibly state a claim for relief, the complaint must be dismissed.  The court
14 will, however, grant leave to file an amended complaint.

15       In order to state a claim that a public program or service violated Title II of the ADA, a
16 plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either
17 excluded from participation in or denied the benefits of a public entity's services, programs, or
18 activities, or was otherwise discriminated against by the public entity; and (3) such exclusion,
19 denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*,
20 386 F.3d 1259, 1265 (9th Cir. 2004).  An ADA plaintiff also "bears the burden of establishing
21 the elements of the prima facie case, including--if needed--the existence of a reasonable
22 accommodation that would enable him to participate in the program, service, or activity at
23 issue." *Pierce v. County of Orange*, 526 F.3d 1190, 1217 (9th Cir. 2008) (internal quotation
24 marks omitted).  Plaintiff has not sufficiently alleged that any defendant discriminated against

---

26 [2] For ease of reference, all references to page numbers in the complaint are to those assigned via the court's electronic filing system.

him or denied him benefits because of his alleged disability.

To state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*). Plaintiff has not sufficiently alleged that any defendant acted with the requisite deliberate indifference for an Eighth Amendment claim or that the acts or omissions of any defendant caused him any injury.

To the extent plaintiff intends to impose liability against any defendant based on his or her handling of plaintiff's administrative appeals, plaintiff is hereby informed that there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant simply he or she played a role in processing plaintiff's inmate appeals.

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint

1  shall clearly set forth the allegations against defendant and shall specify a basis for this court's
2  subject matter jurisdiction.  Any amended complaint must cure the deficiencies identified above
3  and adhere to the following requirements:
4       Any amended complaint shall identify each defendant in both the caption and the body of
5  the amended complaint, and clearly set forth the allegations against each such defendant.
6  Pursuant to Rule 8 of the Federal Rules of Civil Procedure, any amended complaint must include
7  "a short and plain statement of the claim" showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2).
8       Any amended complaint must be complete in itself without reference to any prior
9  pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once
10  plaintiff files an amended complaint, the original pleading is superseded.
11       It must show that the federal court has jurisdiction and that plaintiff's action is brought in
12  the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must
13  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who
14  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
15  *Johnson*, 588 F.2d at 743-44 (9th Cir. 1978) (a person subjects another to the deprivation of a
16  constitutional right if he does an act, participates in another's act or omits to perform an act he is
17  legally required to do that causes the alleged deprivation).
18       Plaintiff  may not change the nature of this suit by alleging new, unrelated claims in an
19  amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
20  complaints).
21       Accordingly, IT IS HEREBY ORDERED that the complaint is dismissed for failure to
22  state a claim, with leave to amend within 30 days.  The amended complaint must bear the docket
23  number assigned to this case and be titled "First Amended Complaint."  Failure to comply with
24  ////
25  ////
26  ////

1 this order will result in this action being dismissed for failure to state a claim. The Clerk of the
2 Court shall send plaintiff a form for filing a civil rights action under 42 U.S.C. § 1983.
3 Dated: November 14, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6