1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEITH CASSELLS,

11            Plaintiff,                    No. 2:11-cv-1721 EFB P

12        vs.

13   M. TAYLOR, et al.,
                                            ORDER AND
14            Defendants.                   FINDINGS AND RECOMMENDATIONS
     _____/

15

16        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff commenced this action

17   on April 25, 2011, in the Solano County Superior Court.  On June 27, 2011, defendants

18   Hammond, Foster, Taylor and Foston removed this action to federal court.  After a dismissal

19   pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint.

20        Federal courts must engage in a preliminary screening of cases in which prisoners seek

21   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

23   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

24   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

25   relief." *Id.* § 1915A(b).

26   ////

1    In order to avoid dismissal for failure to state a claim a complaint must contain more than

2  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

3  of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words,

4  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

5  statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

6    Furthermore, a claim upon which the court can grant relief has facial plausibility.

7  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

8  content that allows the court to draw the reasonable inference that the defendant is liable for the

9  misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

10  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

11  *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

12  the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

13    A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal

14  Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

15  statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

16  fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

17  550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

18    In the amended complaint, plaintiff purports to state claims based on the Americans with

19  Disabilities Act, the Eighth Amendment, and state law.  He alleges that he filed a reasonable

20  modification or accommodation request to be single celled because he is medically disabled with

21  spinal damage, and suffers from chronic pain associated with diabetic neuropathy.  According to

22  the complaint, defendant Taylor denied plaintiff's request at the first level of review, and in

23  doing so misrepresented that Taylor had interviewed plaintiff about the request.  As a result,

24  plaintiff claims he was forced to suffer in pain until resolution of his request at the second level

25  of review.  Attached to the complaint is a copy of Taylor's response to plaintiff's appeal.  *See*

26  ////

Dckt. No. 9, Ex. B at 41[1] (denying plaintiff's appeal because there was no documentation in plaintiff's central file to substantiate plaintiff's claimed need for a single bunk).  Plaintiff alleges that defendant Foster then denied plaintiff's request at the second level of review.  Foster's response, attached to the complaint, states that plaintiff's request was denied because plaintiff was "housed in keeping with his custody and medical requirements."  *Id.*, Ex. E at 63.  Plaintiff, claims, however, that a single bunk was medically necessary.  Plaintiff alleges that Foster knew this because Foster received unspecified input from medical staff and temporarily accommodated plaintiff's housing request before ultimately denying the request.  Plaintiff alleges that defendant Foston denied plaintiff's medical request at the final level of review, and that Foston also denied or screened out plaintiff's related administrative appeal against defendant Taylor.

In its initial screening order the court informed plaintiff that his allegations failed to state a cognizable claim.  Specifically, the court informed plaintiff of the following:

> In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004). An ADA plaintiff also "bears the burden of establishing the elements of the prima facie case, including--if needed-- the existence of a reasonable accommodation that would enable him to participate in the program, service, or activity at issue." *Pierce v. County of Orange*, 526 F.3d 1190, 1217 (9th Cir. 2008) (internal quotation marks omitted). Plaintiff has not sufficiently alleged that any defendant discriminated against him or denied him benefits because of his alleged disability.
>
> To state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual's daily activities, an injury or

---

[1] These and subsequent page number citations to plaintiff's filings are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*). Plaintiff has not sufficiently alleged that any defendant acted with the requisite deliberate indifference for an Eighth Amendment claim or that the acts or omissions of any defendant caused him any injury.

   To the extent plaintiff intends to impose liability against any defendant based on his or her handling of plaintiff's administrative appeals, plaintiff is hereby informed that there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant simply he or she played a role in processing plaintiff's inmate appeals.

Dckt. No. 8 at 3-4. Plaintiff's amended complaint does not cure the deficiencies identified in the court's initial screening order. While plaintiff purports to state an ADA claim, he does not plausibly allege facts demonstrating that a defendant discriminated against him or denied him the benefits of appropriate housing accommodations because of his disability. Plaintiff's allegations suggest that defendants did not deny his request for a single cell *because of* his alleged disability, but rather, because of the belief that a single cell was not medically necessary for plaintiff. While plaintiff purports to state an Eighth Amendment claim, he does not allege facts showing that any defendant acted with the requisite deliberate indifference. Plaintiff's allegation that defendant Taylor misrepresented having interviewed plaintiff regarding plaintiff's appeal does not demonstrate that Taylor consciously disregarded a substantial risk of harm to plaintiff when he denied plaintiff's accommodation request. Likewise, plaintiff's allegation that Foster temporarily accommodated plaintiff's housing request after receiving input from medical staff does not show that Foster knowingly exposed plaintiff to a substantial risk of serious harm when Foster ultimately denied plaintiff's request. Moreover, plaintiff's allegations concerning the manner in which his administrative appeals were processed do not give rise to any cognizable claim for relief.

////

1    Despite notice of the deficiencies of his claim and an opportunity to amend, plaintiff

2    appears to be unable to state a cognizable claim for relief, and further leave to amend appears

3    futile.  Accordingly, the court will dismiss the amended complaint without leave to amend.

4    *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district

5    courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are

6    not required to grant leave to amend if a complaint lacks merit entirely.")

7    To the extent any state law claims remain, it is within the court's discretion to exercise

8    supplemental jurisdiction over them.  *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 129 S. Ct. 1862,

9    1866-67 (2009); *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F3d 931, 936 (9th Cir.

10   2003); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental

11   jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims

12   over which it has original jurisdiction . . . .)."  "[I]n the usual case in which all federal-law claims

13   are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction

14   doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to

15   exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484

16   U.S. 343, 351 (1988).  Indeed, "[n]eedless decisions of state law should be avoided both as a

17   matter of comity and to promote justice between the parties, by procuring for them a surer-footed

18   reading of the applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726

19   (1966).  In this case, the court finds it is in the interests of judicial economy, convenience,

20   fairness, and comity, to remand any remaining state law claims.  *See* 28 U.S.C. § 1447(c).

21   Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly

22   assign a United States District Judge to this case.

23   Further, IT IS HEREBY RECOMMENDED that:

24   1.  All claims purportedly arising under federal law be dismissed without leave to amend.

25   *See* 28 U.S.C. § 1915A;

26   ////

5

2.  Any remaining claims arising under state law be remanded to the Superior Court of the State of California in and for the County of Solano.

3.  The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 28, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE